IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00171-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL SCOTT LESLIE,

    Defendant.

# ORDER

This matter is before the Court on the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) [Docket No. 52]. The government opposes the motion. Docket No. 55.[1]

On July 31, 2020, defendant Michael Scott Leslie pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. Docket No. 14; Docket No. 15 at 1. On November 6, 2020, the Court sentenced defendant to a prison term of 36 months as to the bank fraud charge and 24 months consecutive as to the aggravated identity theft charge. Docket No. 42 at 2. The Court also sentenced defendant to five years of supervised release and ordered defendant to pay restitution of $3,504,416.72. *Id.* at 3, 6. Defendant is currently incarcerated at FCI Englewood and has an expected release date of January 3, 2026.

---

[1] Defendant's reply was due, if he chose to file one, on or before December 14, 2021. On December 20, 2021, defendant filed an unopposed request for an extension to reply. Docket No. 56. The Court granted defendant's request, Docket No. 57, and defendant filed a reply on January 10, 2022. Docket No. 59.

Docket No. 52 at 2; Docket No. 55 at 3. If defendant successfully completes a residential drug abuse program ("RDAP"), his projected release date will be April 8, 2025. Docket No. 52 at 2; Docket No. 55 at 1 n.1.[2]

Defendant filed a motion for compassionate release, arguing that his chronic obstructive pulmonary disease ("COPD") puts him at an increase risk of developing severe COVID-19 should he contract the virus. Docket No. 52 at 6. Defendant, who is 58-years-old, argues that his "lung age" is greater than that of a 104-year-old and that he is unable to be vaccinated against COVID-19 because he has a "vaccine alergy [sic]," which exposes him to a "severe reaction." *Id.* at 7–8. Defendant also argues that his treatment for COPD has been inadequate at his facility and that he has not received his medication "on a continuous basis." *Id.* at 8. Finally, defendant argues that he is unable to care for himself at FCI Englewood because Bureau of Prisons ("BOP") staff took away his medications and denied his request for other treatment. *Id.* at 10–11.

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully

---

[2] Defendant states that his expected release date upon completion of the RDAP is April 8, 2024, but later indicates April 8, 2025. *Compare* Docket No. 52 at 2 *with* Docket No. 52 at 13. The Court presumes April 8, 2024 is a typographical error.

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The government agrees that requirement is satisfied here. Docket No. 55 at 4. Defendant made a request to the warden, which was denied on April 2, 2021. *See* Docket No. 52-8. Accordingly, defendant has exhausted his administrative remedies.

There are three prerequisites to granting compassionate release. First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission. *Id.* Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors. *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.*

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)).

3

However, a court may conclude that the application notes to U.S.S.G. § 1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release."). Defendant argues that his COPD and inadequate medical care represent extraordinary and compelling reasons to justify compassionate release. Docket No. 52 at 6–11. These factors may, in the appropriate case, represent extraordinary and compelling reasons warranting compassionate release, and the government agrees that a COPD diagnosis makes an individual more likely to experience severe illness if he contracts COVID-19. Docket No. 55 at 6. However, under the circumstances of this case, the Court finds that defendant has not demonstrated extraordinary and compelling reasons to justify compassionate release.

First, defendant's health conditions appear to be well treated with appropriate medication. A June 9, 2021 medical report indicates that "cardiac silhouette is normal. Trachea is midline. Mediastinal and hilar contours are unremarkable. Lungs and pleural spaces are clear. Thoracic musculoskeletal structures are age appropriate. Visualized

upper abdomen is grossly unremarkable. . . . No radiographic evidence for an acute cardiopulmonary process." Docket No. 55-1 at 100.  On June 4, 2021, a physician noted that defendant's "breathing is good right now and good for the past few months." *Id.* at 14.  Defendant's prescription for an albuterol inhaler was renewed on May 5, 2021. *Id.* at 18.  Defendant appears to have requested a prescription for Advair, which he found to have treated his asthma before he was incarcerated. *Id.* at 14.  However, he agreed to try mometasone, which is used to treat asthma. *Id.*[3]  Second, although defendant claims that he is allergic to the COVID-19 vaccine and has refused vaccines for many years, *see* Docket No. 52 at 7–8, defendant does not specify what ingredient in the COVID-19 vaccine he is allergic to. *See generally id.*  The government indicates that he received vaccines for Hepatitis A; Hepatitis B; measles, mumps, and rubella; smallpox; tetanus-diptheria, and varicella in January 2021 and received an earlier tetanus shot between 2010 and 2015.  Docket No. 55-1 at 65, 323.[4]  The government contends that defendant has refused vaccination for COVID-19.  Docket No. 55 at 10–11.  Third, the risk of COVID-19 appears to be low at his facility.  According to the BOP website, as of January 11, 2022, eight inmates and nineteen staff members are positive for COVID-19. *See* Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/.

Courts are reluctant to find extraordinary and compelling circumstances relating to

---

[3] In reply, defendant argues that the Mayo Clinic states that mometasone is not indicated for patients with milk allergies.  Docket No. 59 at 2–3.  It is not clear whether defendant, although he agreed to try mometasone on June 4, 2021, *see* Docket No. 55-1 at 14, is taking the medication or if he has been prescribed an alternative medication.

[4] In reply, defendant claims that the vaccines he received were "as an infant." Docket No. 59 at 5.  Defendant's medical records, however, indicate that he received numerous vaccines on January 19, 2021.  Docket No. 55-1 at 65.

5

the COVID-19 pandemic when a defendant refuses vaccination. *See, e.g.*, *United States v. Carter*, 2021 WL 1310784, at *3 (E.D. Mich. Apr. 8, 2021) (finding no extraordinary and compelling reasons when a defendant declines the vaccine); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021) (finding that the refusal to receive the vaccine "undercuts the premise of [the] motion"); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. July 21, 2021) ("The Bureau of Prisons' policy statement provides that prisoners with a history of allergic reactions to vaccines will receive extra evaluation before vaccination and additional observation afterward. . . . The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated when the responsible agencies all deem vaccination safe and effective."). Regardless, an analysis of the § 3553(a) factors demonstrates that defendant is not eligible for compassionate release. *See McGee*, 992 F.3d at 1043 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others." (citation omitted))

Sections 3553(a)(2)(A) and (B) require the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, [and] to afford adequate deterrence to criminal conduct." Defendant's crimes were serious. The stipulation of facts indicates that, between October 2015 and October 2017, defendant "engaged in a complex nearly

$32 million scheme to defraud a Texas bank." Docket No. 15 at 7. Defendant accomplished his scheme by selling to the bank 144 fraudulent home mortgage loans. *Id.* at 8. For all of the 144 purported home mortgage loans, defendant used real persons' personal identifying information, including their names and addresses, without their knowledge or consent. *Id.* Defendant has served less than one year of his five-year sentence for these crimes. Docket No. 55 at 1 n.2 (noting that defendant has served between 18% and 21% of his sentence as of November 30, 2021 depending on good time credit). Although defendant has worked to rehabilitate himself in prison, the Court finds that, given the nature of the offenses and the relatively short length of time defendant has served, releasing him would not reflect the seriousness of his crimes, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. Accordingly, defendant's motion will be denied.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) [Docket No. 52] is **DENIED**.

DATED January 24, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge